IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH J. WATLEY, | : | No. 3:16-CV-2059 |
| Plaintiff | : | |
| | : | (Judge Caputo) |
| v. | : | |
| | : | Electronically Filed Document |
| MICHAEL FELSMAN, DANIEL | : | |
| NILON, AND JAMES SOHNS, | : | *Complaint Filed 10/13/16* |
| Defendants | : | |

## PRE-TRIAL MEMORANDUM OF DEFENDANTS

Defendants, Corporal Felsman, Corporal Nilon, and Trooper Sohns, of the Pennsylvania State Police ("PSP"), by and through their undersigned counsel, hereby submit this Pretrial Memorandum pursuant to Middle District Local Rule 16.6, and this Honorable Court's Pretrial Order.

### A. BRIEF STATEMENT REGARDING FEDERAL COURT JURISDICTION

This action was brought pursuant to 42 U.S.C. § 1983. This Honorable Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

### B. SUMMARY OF STATEMENT OF FACTS & CONTENTIONS OF LIABILITY

Plaintiff alleges that the Defendants violated his Fourth and Fourteenth Amendment rights by searching his vehicle and by providing him a courtesy transport to his vehicle while in restraints. The search of the vehicle was a proper inventory search, was performed pursuant to standard Pennsylvania State Police

procedure, and was conducted prior to towing the vehicle from an interstate highway.

The magistrate judge asked Corporal Felsman to give the Plaintiff a ride back to his vehicle. The vehicle was nine miles away in a rural area, and there were no other reasonable means for Plaintiff to reach his vehicle. Corporal Felsman asked Plaintiff if he desired a ride and indicated that in order to do this, Plaintiff would have to remain restrained for safety purposes during the transport. Plaintiff did not object to being given a courtesy ride to his vehicle, walked to the state vehicle, got inside, and expressed no complaints during the ride. When they arrived at the towing company's lot, the restraints were removed, and Plaintiff was observed speaking freely to the owner of the towing company as Corporal Felsman went on his way.

Plaintiff also alleges his placement in restraints was an assault and battery pursuant to Pennsylvania law. When Plaintiff was presented with the options of being stranded with no reasonable way to reach his vehicle or being transported to his vehicle while restrained, Plaintiff did not object to being transported in restraints and voluntarily got into the transport vehicle. Therefore, Plaintiff cannot prove his claims for assault and battery and judgment should be entered in Defendants' favor.

C. **COMPREHENSIVE STATEMENT OF UNDISPUTED FACTS**

Plaintiff was pulled over by Corporal Felsman on May 11, 2016.

Plaintiff was given three traffic citations by Defendant Felsman, for:

1) Operating a vehicle at a speed so slow as to impede the normal flow of traffic;

2) Operating a vehicle with the side or rear window obstructed impairing their view; and

3) Operating a vehicle on a highway with no rear lighting as required.

Plaintiff was arrested by Defendant Felsman.

D. **BRIEF STATEMENT OF DAMAGES**

Defendants do not seek damages in this action. Defendants, however, deny that they are liable for any damages sought by Plaintiff.

E. **WITNESSES**

Defendants may call the following witnesses to testify at trial:

- Joseph Watley, Plaintiff.
- Nancy Griswold.
- Michael Felsman, Corporal, PSP.
- Daniel Nilon, Corporal, PSP.
- James Sohns, Trooper, PSP.

- Robert Kennedy, Sergeant, PSP.

- Brian Stanco, Trooper, PSP.

- Nicholas Scochin, Trooper, PSP.

- Jessie Romanchick, Corporal, PSP.

All current PSP staff may be contacted through undersigned counsel.

Defendants reserve the right to call records custodians where appropriate.

Defendants also reserve the right to call those witnesses listed by the Plaintiff.

### F. SUMMARY OF TESTIMONY OF EACH EXPERT WITNESS

Defendants will not present expert witness testimony.

### G. SPECIAL COMMENT ABOUT PLEADINGS & DISCOVERY

N/A

### H. SUMMARY OF LEGAL ISSUES INVOLVED & LEGAL AUTHORITIES RELIED UPON

Plaintiff claims that 1) being restrained during a courtesy transport to his vehicle and 2) having an inventory search of his vehicle before it was towed violated his rights against unreasonable search and seizure and excessive force under the Fourth Amendment to the United States Constitution, made actionable under 42 U.S.C. § 1983. Section 1983 provides that no person, acting under color of state law, may deprive another person of any right provided by the Constitution

4

or laws of the United States. 42 U.S.C. §1983. Plaintiff also claims assault and battery pursuant to Pennsylvania law.

*Courtesy Transport*

To prevail on his seizure and excessive force claims, Plaintiff must prove that he was "seized" when given a courtesy ride to his vehicle. Defendants assert that Plaintiff was not seized because he was free to leave and voluntarily consented to be transported to his vehicle. "It is elementary that detention is not synonymous with arrest. Detention must be without consent and without legal cause to constitute false arrest." *Pollack v. City of Newark, N. J.,* 147 F. Supp. 35, 38–39 (D.N.J. 1956), aff'd, 248 F.2d 543 (3d Cir. 1957). "A seizure does not occur every time a police officer approaches someone . . ." *Johnson v. Campbell*, 332 F.3d 199, 205 (3d Cir. 2003). "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." *See Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999)

In order to establish damages, Plaintiff must further demonstrate that any damages sustained were proximately caused by the actions of the Defendants in

5

using excessive force against him in violation of his rights under the Fourth Amendment. *See Martinez v. California,* 444 U.S. 277, 285 (1990).[1]

To prevail on his claim of assault pursuant to Pennsylvania law, Plaintiff must show that Defendants intended to cause a harmful or offensive contact with Plaintiff, and thereby put him in imminent apprehension of such contact. Restatement (Second) of Torts § 21 (1965). To prevail on his claim of battery pursuant to Pennsylvania law, Plaintiff must show that Corporal Felsman intended to cause a harmful or offensive contact to him and a harmful contact resulted, and that he did not consent to being transported. Restatement (Second) of Torts § 13 (1965).

Defendants did not intend to cause a harmful or offensive contact with Plaintiff. In addition, a plaintiff may not recover for damages resulting from an intentional tort to which he or she has consented. *See* Restatement (Second) of Torts §§ 63-111 (1965). Plaintiff did not object to being transported to his vehicle while restrained and willingly got into the transport vehicle to be taken to his vehicle. Defendants reasonably understood Plaintiff's actions to be apparent consent and did not intend any harm to Plaintiff. Therefore, Defendants' actions were privileged, and judgment should be entered in Defendants' favor.

---

[1] The Court ruled that the Troopers' use of *de minimis* force to arrest Watley was objectively reasonable. (Doc. 47 at 22-23).

*Inventory Search*

To prevail on his claim of an unlawful search and seizure of his vehicle, Plaintiff must show that his vehicle was not searched according to an established routine and the vehicle was seized by Defendants. *Carroll v. United States*, 267 U.S. 132, 147 (1925); *United States v. Mundy*, 621 F.3d 283, 288 (3d Cir. 2010). Defendants assert that the vehicle was lawfully searched for inventory prior to being towed and that the vehicle was never seized. The vehicle was searched pursuant to standard PSP procedure with the intent of searching for the presence of high dollar items only. Additionally, the vehicle was searched prior to a third party towing company taking possession of the vehicle, and the vehicle was never seized by the PSP.

*Qualified Immunity*

Defendants are also entitled to qualified immunity for their actions. The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009). "Qualified immunity balances . . . the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id.*  It applies "regardless of whether the

government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Id.* (citing *Butz v. Economou*, 438 U.S. 478, 507 (1978) (qualified immunity covers "mere mistakes in judgment, whether the mistake is one of fact or one of law")). Because qualified immunity is "an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial." *Id.*; *see also Behrens v. Pelletier*, 516 U.S. 299, 306 (1996) (describing qualified immunity, in part, as "an entitlement not to stand trial or face the other burdens of litigation").

"When properly applied, [qualified immunity] protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Spady v. Bethlehem Area Sch. Dist.*, 800 F.3d 633, 637 (3d Cir. 2015); *see also Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2085 (2011) ("[q]ualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions"). "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was ***clearly established*** at the time of the challenged conduct." *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015) (emphasis added); *Spady*, 800 F.3d at 637 (stating that, in a qualified immunity analysis, Courts must engage in a two-prong analysis of "whether the facts that a plaintiff has shown make out a violation of a

constitutional right," and "whether the right at issue was clearly established at the time of the defendant's misconduct").

"To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Taylor*, 135 S. Ct. at 2044. "Whether an asserted federal right was clearly established at a particular time, so that a public official who allegedly violated the right has no qualified immunity from suit, presents a question of law." *Spady*, 800 F.3d at 637. In order to demonstrate that a right is clearly established, plaintiffs must proffer persuasive caw law. *Id.* And while "a case directly on point" is not required to demonstrate a clearly established right, "existing precedent must have placed the statutory or constitutional question ***beyond debate***." *White v. Pauly*, 137 S. Ct. 548, 551 (Jan. 9, 2017). In other words, "for a right to be clearly established there must be applicable precedent from the Supreme Court," or "a ***robust consensus of cases*** of persuasive authority in the Court of Appeals. . . ." *Spady*, 800 F.3d at 639 (emphasis added); *Olschefski v. Red Lion Area Sch. Dist.*, 2012 WL 6003620, at *10 (M.D. Pa. Nov. 30, 2012) ("A plaintiff need not show a case directly on point, but may meet the burden by referencing closely analogous case law which demonstrates that the allegedly violated constitutional or statutory right was clearly established when the alleged violation took place."). In this case, Defendants reasonably believed their actions were lawful in light of clearly

9

established law and the information known to them. Therefore, Defendants' actions did not violate a clearly established right of Plaintiff's. *See Sharrar v. Felsing*, 128 F.3d 810, 826 (3d Cir. 1997).

### I. STIPULATIONS DESIRED

- That all exhibits will be considered authentic.
- That photocopies may be used in lieu of originals.

### J. ESTIMATED NUMBER OF TRIAL DAYS

Three to four days.

### K. ANY OTHER PERTINENT MATTER

None at this time.

### L. EXHIBIT LIST

*See* Exhibit List filed contemporaneously with this memorandum.

### M. SPECIAL VERDICT QUESTIONS

Proposed Special Verdict Questions will be filed in accordance with this Court's Pretrial Order.

### N. STATEMENT THAT PERSON WITH SETTLEMENT AUTHORITY WAS NOTIFIED

The person with settlement authority has been notified of the requirements set forth in Local Rule 16.2.

**O.   CERTIFICATE REQUIRED UNDER LOCAL RULE 30.10**

At this point, Defendants do not intend to use any deposition transcripts or videotapes other than, potentially, for impeachment. Plaintiff has not informed defendants of an intention to use transcripts or videotapes.

**P.   FINDINGS OF FACT & LAW**

Not Applicable.

                              Respectfully submitted,

                              JOSH SHAPIRO
                              Attorney General

                       By:   *s/ Lindsey A. Bedell*
                              LINDSEY A. BEDELL

**Office of Attorney General**       Deputy Attorney General
**15th Floor, Strawberry Square**    Attorney ID 308158
**Harrisburg, PA 17120**
**Phone: (717) 772-3561**
**lbedell@attorneygeneral.gov**      DANIEL J. GALLAGHER
                              Deputy Attorney General
                              Attorney ID 30451

                              KELI M. NEARY
                              Chief Deputy Attorney General
                              Civil Litigation Section

**Date:  September 21, 2018**       *Counsel for Defendants Felsman, Nilon and Sohns*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH J. WATLEY,** | : | No. 3:16-CV-2059 |
| Plaintiff | : | |
| | : | Judge Caputo |
| v. | : | |
| | : | Electronically Filed Document |
| **MICHAEL FELSMAN,** | : | |
| | : | *Complaint Filed 10/13/16* |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Lindsey A. Bedell, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on September 21, 2018, I caused to be served a true and correct copy of the foregoing document titled Pretrial Memorandum to the following:

## VIA ELECTRONIC FILING

**Cynthia L. Pollick, Esquire**
**The Employment Law Firm**
**363 Laurel Street**
**Pittston, PA  18640**
pollick@lawyer.com
*Counsel for Plaintiff*

                                                         */s/ Lindsey A. Bedell*
                                                         **LINDSEY A. BEDELL**
                                                         Deputy Attorney General